UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) CASE NO.   19-sw-05975-GPG<br><br>**Filed Under Restriction** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under restriction from public access this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Dropbox Inc., an Internet Service Provider located in San Francisco, CA, to disclose certain records and other information pertaining to the email account(s): donorservicesinc@hotmail.com; meg_hess@hotmail.com. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Dropbox Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Dropbox Inc. to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and/or a remote computing service, and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating federal offenses related to fraud. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1341 (Mail frauds and swindles) and 18 U.S.C. § 1343 (Fraud by wire, radio, or television).

5. Megan Hess was the owner and operator of Sunset Mesa Funeral Directors (SMFD) and of Donor Services Inc. (DSI). SMFD was a funeral home located in Montrose, CO that provided funeral services to the public. DSI was a company that sold body parts to body parts brokers or places of science (customers). The FBI, through documents obtained during a search warrant at SMFD/DSI, documents obtained from customers, interviews of the next of kin to individuals who used SMFD for end of life services, emails obtained pursuant to a search warrant, and other means, has discovered numerous instances from at least 2013 to 2017 where Hess has stolen whole bodies or body parts and sold them via interstate and accepted interstate wire transfers for the stolen body parts. Hess organized the shipping of the body parts via interstate mail.

6.  Multiple customers of DSI that the FBI has interviewed have reported that Hess would use Dropbox to provide documents associated with the sale of the stolen body parts. In Hess emails, donorservicesinc@hotmail.com; meg_hess@hotmail.com, there are multiple emails in reference to documents that she has placed within her Dropbox account.

REQUEST FOR ORDER

7.  The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Dropbox Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of the service of the Order.

8.  The United States further requests that the Order require Dropbox Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a period of one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Additionally, there is some evidence that Hess made efforts to delete electronic evidence. Accordingly, there

is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to destroy or tamper with evidence or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence.

9. The United States further requests that the Court order that this case, namely the application and any resulting order, be restricted from all public access until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to restrict these documents from public access because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JASON R. DUNN
UNITED STATES ATTORNEY


By: s/Jeremy Chaffin
Jeremy Chaffin
Assistant United States Attorney
U.S. Attorney's Office
205 N. 4th Street, Suite 400
Grand Junction, Colorado  81501
Email: Jeremy.chaffin@usdoj.gov